UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cr-00229-CAS-1 | Date | April 18, 2018 |
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Patricia Donahue, Not Present<br>Sheila Nagaraj, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,*<br>*Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Felix Cisneros, Jr. | Not | | X | Mark Werksman | Not | | X |
| | | | | Amanda Carter | Not | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OUT-OF-COURT STATEMENTS (Dkt. 76, filed April 13, 2018)

## I. INTRODUCTION

Defendant Felix Cisneros, Jr. is charged in the First Superseding Indictment with conspiracy to aid or assist entry of an alien convicted of an aggravated felony in violation of 18 U.S.C. § 371 (Count 1); acting as an agent on behalf of another in a covered matter affecting the United States in violation of 18 U.S.C. §§ 205(a)(2), 216(a)(2) (Count 2); falsification of records in violation of 18 U.S.C. § 1519 (Count 3); making false statements in violation of 18 U.S.C. § 1001 (Counts 4 and 5); tampering with a victim, witness, or informant and obstruction of justice in violation of 18 U.S.C. § 1512(b)(3) (Counts 6 and 7). Dkt. 60.[1]

On April 13, 2018, defendant filed the instant motion in limine to exclude, pursuant to the Sixth Amendment's Confrontation Clause and Crawford v. Washington, 541 U.S. 36 (2004): (1) all "testimonial" statements made by a confidential informant, Santiago Garcia-Gutierrez ("Garcia"), including but not limited to statements made during a recorded conversation with defendant that occurred on May 12, 2016; and (2) statements by Federal Bureau of Investigation ("FBI") Special Agent ("SA") Brian Adkins made during a recorded interview of

---

[1] On April 14, 2018, the government filed an unopposed motion to dismiss Count 5 without prejudice pursuant to Federal Rule of Criminal Procedure 48(a), dkt. 79, which the Court granted.

defendant that occurred on March 22, 2017. Dkt. 76 ("Mot."). On April 15, 2018, the government filed an opposition. Dkt. 80 ("Opp'n").

The Court held a pretrial hearing on April 17, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are taken from the government's opposition brief and are provided for the purposes of background only.

Defendant was a Special Agent of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Opp'n at 2. Defendant allegedly used his official position to persuade DHS Customs and Border Protection ("CBP") to return Garcia's passport as a favor to defendant's friend, Individual A. Id. Defendant subsequently contacted CBP on several occasions to assist Garcia with being paroled into and remaining in the United States, as well as receiving his Mexican passport back from CBP authorities, thereby allowing Garcia to travel to Mexico pending resolution of immigration issues relating to his prior criminal convictions. Id.

In early 2016, Garcia began working as a confidential informant for the DHS Office of Inspector General ("OIG"). Id. On May 12, 2016, Garcia met defendant at a restaurant, and working with law enforcement, surreptitiously recorded their conversation. Id. During the conversation, defendant acknowledged the assistance he had previously provided Garcia. In response to a request by Garcia that defendant help him again, defendant stated, "it won't happen the same way" because "[t]here's too much f[…]ing dirt after the fact." Id. Defendant stated that he knew people who could help Garcia cross the border with Mexico in a helicopter or in the trunk of a car, and he told Garcia that if Garcia said anything, defendant would "bury" him. Id. at 2–3, Ex. 1 at 27–28, 49. Defendant specifically challenges the following italicized statements that Garcia made during the conversation:

> GARCIA: *Individual A told me that you--that--that he had paid you.*
>
> DEFENDANT: Who?
>
> GARCIA: *That he had paid you so that you could bring me to Mexi--here from Mexico.* And I said to him, "Dude . . ."
>
> DEFENDANT: Come on, man! No, bro'. Eh, you know what?

Id., Ex. 1 at 12 (US_033688).

On March 22, 2017, SA Adkins and DHS-OIG SA Leonard V'Dovec conducted a recorded, Mirandized interview of defendant. <u>Id.</u> at 3. Defendant challenges the following italicized statements made by SA Adkins during this interview:

| | |
|---|---|
| SA ADKINS: | *And, just so you know, if it hasn't become clear already, we've talked to multiple people, including the woman who actually handed the passport back to* [Garcia]… |
| DEFENDANT: | Okay. |
| SA ADKINS: | *. . . and she told us in no uncertain terms that there was only three reasons why she would've returned a passport in that instance. Either one,* [Garcia] *was a documented CI working for HSI, for you.* |
| DEFENDANT: | Okay. |
| SA ADKINS: | *Two, he was a witness to a pending court proceeding involving some sort of case. Or three, he had a letter from a legal attaché. None of those three scenarios . . .* |
| DEFENDANT: | Yeah, yeah, I know that none of those scenarios . . . |
| SA ADKINS: | *So you're aware that none of those three scenarios applied at the time to, to* [Garcia]. |
| DEFENDANT: | Yeah, he never told me that he had any of those things. I know from my end he wasn't documented. I mean there was nothing that really came out of fruition . . . . |

<u>Id.</u>, Ex. 2 at 14 (US_034037). The CPB officer to whom SA Adkins refers in this conversation is Gloria Velasquez ("Officer Velasquez"). <u>Id.</u> at 9 n.5.

The government does not intend to call Garcia at trial. However, the government intends to call both SA Adkins and Officer Velasquez to testify. <u>Id.</u> at 4, 9.

### III. LEGAL STANDARD

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court in <u>Crawford</u> held that the Clause bars the government from introducing into evidence out-of-court statements which are "testimonial" in nature unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him. 541 U.S. at 53–54. Although the Court declined to provide a comprehensive definition of the term "testimonial," it noted that "testimonial" hearsay would include sworn or

unsworn "statements that declarants would reasonably expect to be used prosecutorially" or "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 42. However, even if the statements are testimonial, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Id. at 59 n.9 (citing California v. Green, 399 U.S. 149, 162 (1970)). "Further, even testimonial statements may be admitted without confrontation if they are offered 'for purposes other than establishing the truth of the matter asserted' and, therefore, constitute nonhearsay." United States v. Orm Hieng, 679 F.3d 1131, 1141 (9th Cir. 2012) (quoting Crawford, 541 U.S. at 59 n. 9).

## IV.   DISCUSSION

Although the motion in limine seeks to exclude "[a]ll testimonial statements" made by Garcia, Mot. at 3, counsel for defendant clarified at the pretrial hearing that the motion pertains only to Garcia's above-quoted and italicized statements that "Individual A told me that . . . he had paid you. . . . so that you could bring me . . . here from Mexico." See Opp'n, Ex. 1 at 12 (US_033688). Defendant indicates, and the government does not dispute, that these out-of-court statements are "testimonial" because they were "made and recorded for the *sole* purpose of creating evidence to present" against defendant in a criminal prosecution. Mot. at 5.

The government argues that Garcia's statements are nevertheless admissible non-hearsay under Crawford because they are not being offered for the truth of the matter asserted, but rather only "for context and to show their effect on the listener (here, defendant)." Opp'n at 4. As the government indicates, the Ninth Circuit has affirmed the admission of out-of-court statements by confidential informants offered solely to provide context for other statements by the defendants or co-conspirators during recorded conversations, particularly where the district court provides a limiting instruction. See, e.g., United States v. Barragan, 871 F.3d 689, 704–05 (9th Cir. 2017) (finding no abuse of discretion where district court admitted recorded conversations between a confidential informant, one of the defendants, and several co-conspirators; "the informant's statements on the tapes were not hearsay because, as the court instructed the jury, they were offered only for context, not for 'the truth of the matter asserted'") (quoting Fed. R. Evid. 801(c)(2)) and citing United States v. Valerio, 441 F.3d 837, 844 (9th Cir. 2006). In addition, a statement offered only "to show the effect on the listener" rather than to prove its truth may be "properly considered as non-hearsay." United States v. Payne, 944 F.2d 1458, 1472 (9th Cir. 1991).

Rules of evidence, however, should not "easily trump a defendant's confrontation right." Williams v. Illinois, 567 U.S. 50, 105 (2012) (conc. opn. of Thomas, J.). For example, the Supreme Court has cautioned that reviewing courts must ensure that an out-of-court statement is "introduced for a 'legitimate, nonhearsay purpose' before relying on the not-for-its-truth

rationale to dismiss the application of the Confrontation Clause." Id. (quoting Tennessee v. Street, 471 U.S. 409, 417 (1985)). The Court has also acknowledged that "limiting instructions may be insufficient in some circumstances to protect against violations of the Confrontation Clause." Id. (citing Bruton v. United States, 391 U.S. 123 (1968)). Defendant indicates both the First and Seventh Circuits have recognized that "[a]lthough '[s]ometimes the rationale that an out-of-court statement provides context for other admissible evidence will be valid,' it is plainly not the case that every 'statement by an informant to police which sets context for the police investigation' is admissible." United States v. Cabrera-Rivera, 583 F.3d 26, 34 (1st Cir. 2009) (quoting United States v. Maher, 454 F.3d 13, 22 (1st Cir. 2006) (noting that "the precise nature of that context is important")); see also United States v. Silva, 380 F.3d 1018 (7th Cir. 2004). "Such an 'impossibly overbroad' rule would allow the so-called 'context' exception to effectively eviscerate the protection against testimonial hearsay provided by the Sixth Amendment and recognized in *Crawford*." Cabrera-Rivera, 583 F.3d at 34 (quoting Maher, 454 F.3d at 22).

Defendant contends the government is seeking to invoke the "context" exception as a "back door" mechanism to circumvent defendant's Sixth Amendment rights by introducing out-of-court statements that are "directly accusatory and incredibly prejudicial." Mot. at 7. Defendant argues that admitting Garcia's statements would violate the "longstanding principle" that introducing out-of-court statements that "directly accuse a defendant of criminal conduct, even for a supposedly nonhearsay purpose, is improper because the jury cannot reasonably be expected to consider the statements for anything but the truth of the matter asserted." Id. (citing Shepard v. United States, 290 U.S. 96, 103-04 (1933) (holding introduction of out-of-court accusation was improper because the jury would not reasonably have been able to avoid considering it for the truth of the matter asserted; "[t]he reverberating clang of those accusatory words would drown out all weaker sounds.")). The government asserts that Garcia's statement is not "directly accusatory" because defendant is not being charged with accepting a bribe from Individual A, but rather conspiracy to aid or assist entry of an alien convicted of an aggravated felony. Opp'n at 6–7. The government maintains that the statements "are admissible to put in context defendant's statements, which clearly are admissible, and to show the statements' effects on the listener—defendant's reaction in admitting some acts, denying others, and the changing story as the conversation progressed." Opp'n at 8.

The Court acknowledges that the vast majority of Garcia's statements made during the recorded conversation with defendant are admissible for the non-hearsay purpose of placing defendant's statements in context. As the district court in Barragan noted, "it doesn't make sense" to "play conversations and take one side out of it." 871 F.3d at 704. However, admitting Garcia's specific, directly accusatory statement being challenged by defendant is not strictly necessary to provide sufficient context for the jury. Moreover, even if the statement could be offered for the non-hearsay purpose of showing its effect on the listener, the statement appears to have limited probative value given that defendant denied the allegation in the first

instance and his subsequent, somewhat ambiguous statements do not admit the charged conduct. Even with a limiting instruction, the danger of unfairly prejudicing defendant by introducing Garcia's accusatory statement substantially outweighs the probative value of showing that statement's effect on defendant. Accordingly, in order to preserve defendant's confrontation right under the Sixth Amendment, the Court **GRANTS** the motion solely with respect to Garcia's above-quoted and italicized statements.

With respect to SA Adkins's statements, the government indicates that because it intends to call both SA Adkins and Officer Velasquez to testify, defendant will have an opportunity to confront both declarants through cross-examination at trial—thereby alleviating any potential Confrontation Clause issues. Opp'n at 9 (citing Maryland v. Craig, 497 U.S. 836, 845 (1990) ("The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.")); see also Crawford, 541 U.S. at 59 n.9 (noting that the Confrontation "Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it."). At the hearing on April 17, 2018, the Court inquired as to whether the motion to exclude the statement by SA Adkins would be mooted by virtue of having both SA Adkins and Officer Velasquez testify. Defense counsel agreed that the issue is moot so long as Officer Velasquez takes the stand before SA Adkins. Counsel for the government indicated that they intend to call Officer Velasquez prior to SA Adkins. Accordingly, because both declarants will appear for cross-examination at trial, defendant's motion to exclude SA Adkins's statements is **DENIED as moot.**

## V. CONCLUSION

In accordance with the foregoing, defendant's motion in limine is hereby **GRANTED** in part and **DENIED** in part.

In particular, the Court **GRANTS** defendant's motion to exclude the above-quoted and italicized statements by Garcia made during the recorded conversation with defendant on May 12, 2016. The Court **DENIES as moot** defendant's motion to exclude SA Adkins's statements made during a recorded interview with defendant on March 22, 2017.

IT IS SO ORDERED.

|  | 00     00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

Cc:     Pretrial Services